UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L. SMITH,

    Plaintiff,

vs.                          Case No. 2:12-cv-320-FtM-29DNF

ERIC A. REYES, P.A.,

    Defendant.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file. Plaintiff Terry Smith, a prisoner at the Charlotte County Jail proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on June 12, 2012. Plaintiff alleges that his appointed defense counsel, Eric A. Reyes, has been "very ineffective" in representing Plaintiff in his pending criminal case. Complaint at 8. Plaintiff alleges that defense counsel has not investigated some "critical witnesses." Id. at 9. As relief, Plaintiff seeks "financial compensation," "punitive damages," "treat[ment] for mental an[d] [psychological] suffering," and an injunction to prohibit attorney Reyes from practicing law. Id. at 10.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or

fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals

under § 1915(e)(2)(B)(ii). <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008); <u>Mitchell v. Carcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. \_\_\_\_, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. <u>Twombly</u>, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. <u>Ashcroft</u>, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u> Additionally, there is no longer a heightened pleading requirement. <u>Randall</u>, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense

bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

**II.**

Upon review, the Court finds this action subject to dismissal. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Here, Plaintiff names his criminal defense attorney as the sole Defendant. While it is unclear whether the attorney is a pubic defender, or a defense attorney working in private practice, either way the action is subject to dismissal. An individual employed with the Public Defender's Office fails to meet the requirements of a § 1983 action because a public defender is not considered a "person" "acting under of color of state law" for the purposes of the statute. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as

counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). Additionally, a solo practitioner does not qualify as a "person" acting under the color of state law. Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

ACCORDINGLY, it is now

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED**, without prejudice, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of the Court** shall: (1) enter judgment accordingly; (2) terminate any pending motions; and, (3) close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __25th__ day of June, 2012.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record